USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1829 RANDOLPH E. GREEN, ET AL., Plaintiffs, Appellants, v. CITY OF BOSTON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Randolph E. Green on brief pro se. _________________ Merita A. Hopkins, Corporation Counsel, and Gerald Fabiano, ___________________ _______________ Assistant Corporation Counsel, City of Boston Law Department, on brief for appellees. ____________________ December 19, 1997 ____________________ Per Curiam. Plaintiffs appeal from a district court __________ judgment dismissing their civil rights complaint for failure to state a claim. Their principal contention on appeal is that the district court erred in setting aside a notice of default, which had been entered when defendants failed to file a timely response to the amended complaint. The setting aside of an entry of default is subject to a "good cause" standard, Fed. R. Civ. P. 55(c), is reviewable on appeal only for abuse of discretion, and is not to be disturbed "unless the district court's decision is clearly wrong," McKinnon v. ________ Kwong Wah Restaurant, 83 F.3d 498, 502 (1st Cir. 1996). The ____________________ court's action here cannot possibly be so characterized.  The "good cause" standard is a "mutable" one, Coon v. ____ Grenier, 867 F.2d 73, 76 (1st Cir. 1989), involving a case- _______ specific determination not amenable to any "mechanical formula," General Contracting & Trading Co. v. Interpole, ___________________________________ __________ Inc., 899 F.2d 109, 112 (1st Cir. 1990). We have nonetheless ____ identified some general guidelines to assist in its application. See, e.g., McKinnon, 83 F.3d at 503; Interpole, ___ ____ ________ _________ 899 F.2d at 112; Coon, 867 F.2d at 76. These criteria ____ overwhelmingly predominate in defendants' favor. For example, there has been no suggestion but that simple inadvertence was involved here. Plaintiffs have not been prejudiced in any relevant sense. See, e.g., FDIC v. ___ ____ ____ Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989). The ____________________ -2- defenses mounted by defendants have proven to be not only potentially but actually meritorious. And defendants acted promptly upon learning of their oversight. Given these circumstances, the district court acted well within its discretion in setting aside the entry of default. Plaintiffs' remaining contention is that the court discriminated against them in failing to address two of their offerings: their motion to "vacate" defendants' motion to dismiss, and their motion for "order of judgment." To the contrary, the court necessarily if implicitly denied those requests in the course of granting the motion to dismiss. As plaintiffs have advanced no specific challenge to the holding that their amended complaint failed to state a claim, it suffices to note that we find the district court's reasoning in this regard unexceptionable. Affirmed.  _________ -3-